NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7024

HYMAN E. WILLIAMS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Hyman E. Williams, of Little Rock, Arkansas, pro se.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel were Brian M. Simkin, Assistant Director; and Martie S. Adelman and David R. McLenachen Attorneys, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7024

HYMAN E. WILLIAMS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 04-766, Judge Lawrence B. Hagel.

_____

DECIDED: November 24, 2008

_____

Before NEWMAN and LOURIE, <u>Circuit Judges</u>, and ALSUP, <u>District Judge</u>[*]

PER CURIAM.

Hyman E. Williams appeals from the judgment of the United States Court of Appeals for Veteran Claims ("CAVC") which affirmed the decision by the Board of Veterans' Appeals ("the Board") denying Mr. Williams' disability claim.[1] We <u>affirm</u> the decision of the CAVC.

OPINION

_____

[*] The Honorable William Alsup, District Judge, United States District Court for the Northern District of California, sitting by designation.

[1] <u>Hyman E. Williams v. R. James Nicholson, Secretary of Veterans Affairs</u>, No. 04-0766 (Vet. App. Oct. 5, 2005).

Mr. Williams served in the United States Army from September 19, 1961 to September 18, 1963. On July 17, 1963 he was the victim of an unfortunate accident, where a training device designed to simulate artillery fire accidentally discharged, lodging objects in his arm, buttocks, and thighs. He was treated for his injuries.

In May 1999, Mr. Williams sought compensation for back and leg problems and pains, which he stated were due to the 1963 incident. The VA Regional Office ("RO") denied the claim. Mr. Williams then submitted private medical records documenting degenerative changes in the spine. In January 2000 the RO maintained its denial, finding that the evidence did not establish a relationship between the current ailments and the 1963 incident. The Board upheld the decision of the RO. Mr. Williams, through counsel, appealed to the CAVC and moved to set aside the Board's decision and to remand the matter so that a medical nexus opinion could be obtained. The Secretary joined in the remand motion, the CAVC granted the motion in December 2002.

The medical examination was conducted in Little Rock, Arkansas on July 22, 2003. The VA examining physician concluded that it was "very unlikely" that the present symptoms were caused by the injuries sustained in 1963, but are likely the result of "normal aging process." In view of this result, the RO again denied the claim, and the Board upheld the RO's determination.

In appeal to the CAVC, Mr. Williams raised two issues. First, he argued that the VA failed to provide adequate notice pursuant to 38 U.S.C. §5103(a) and 38 C.F.R. §3.159(B)(1), in that the VA failed to notify him as to what additional evidence would be necessary in order to show service connection. He also argued that the hearing officers who presided over the two pre-2002 hearings at the RO and the Board failed, in violation of

38 C.F.R. §3.103(c)(2), to fully explain the issue, which eventually turned on the adequacy of the evidence, for they did not suggest submission of further evidence.

The CAVC affirmed the Board's decision, holding that Mr. Williams was not prejudiced by lack of notice because he already had actual knowledge of what would be needed in order to show service connection. The CAVC relied on its decision in Mayfield v. Nicholson, 19 Vet. App. 103 (2005), which held that the burden to show prejudice by lack of notice lies with the veteran. The CAVC also held that any failures in the pre-2002 hearings were cured by the CAVC remand and the post-remand hearings at the RO and the Board.

The only issue within this court's jurisdiction is the adequacy of notice as to what additional evidence might support his claim. We have no authority to review the medical findings or to find and weigh the factual questions of diagnosis, treatment, and medical nexus. See 38 U.S.C. §7292(a) (d)(1). Mr. Williams' appeal to this court was stayed while we considered Sanders v. Nicholson, 487 F.3d 881 (Fed. Cir. 2007), cert. granted sub nom. Peake v. Sanders, 128 S. Ct. 2935 (June 12, 2008). In Sanders we held that "notice errors should be presumed prejudicial, requiring reversal unless the VA can show that the error did not affect the essential fairness of the adjudication." 487 F.3d at 888. The Sanders decision overruled the CAVC's decisions placing the burden on the veteran, such as Mayfield, supra.

The Secretary argues that even if the Supreme Court should sustain this court's ruling and a presumption of prejudice is applied to notice errors, in this case there was no notice error and therefore no presumptive prejudice. The Secretary points out that that Mr. Williams had a full medical examination, upon remand for that purpose, and that the reason for that examination was made known by the Board and the RO. Mr. Williams does not

state that he was unaware of the reason for the examination, which followed from the remand motion that he initiated. The Secretary is correct that this case is not affected by the shift to the VA of the burden when there is defective notice, for in this case there was no lack of notice and thus no presumption of prejudice. Thus the decision of the CAVC is affirmed.

No costs.